EDWARD N. SCRUGGS, Retired Circuit Judge.
An evidentiary problem is presented for decision.
The complaint charged the defendant with false representations in the sale of a tractor-truck in 1975 to the plaintiff, the negligent repair of the truck and the breach of an implied warranty as to repairs made. The plaintiff’s evidence substantiated the averments of his complaint. Prior to offering the deposition of their former used truck manager, the defendant made an oral motion in limine as to some five pages of the cross-examination portion of the deposition pertaining to the salesman’s prior acts of misrepresentation in the sale of trucks. Their first objection was that such evidence did not prove a fraudulent intent, scheme or plan, and the plaintiff conceded that the evidence was not admissible for such purpose, but he contended that the questions *40 were proper “to show contradiction for the purpose of impeachment, and no other purpose.” The trial court overruled the defendant’s motion in limine.
The defendant then read to the jury the direct and re-direct testimony contained in the deposition, which, in substance concerned the work history of the witness and denied any misrepresentations to the plaintiff by that salesman. The plaintiff presented the cross-examination now in controversy. For example and clarity, we quote the first portion thereof:
“Question: Mr. Reed, have you ever been in any misrepresentation lawsuits before”
“MR. CUNNINGHAM: Your Honor, for the record, I renew my objection.
“THE COURT: All right. [Note] your objection for the record. Overrule the objection. Let’s go ahead, Mr. McDonald.
“Answer: If you’re asking me if I ever misrepresented a truck before, no, I haven’t.
“Question: No, sir. That’s not what I asked you. I asked you have you ever been involved in any misrepresentation lawsuits before?
“Answer: Yes, I will answer your question. One time at Key GMC they traded for a bunch of trucks. And they assumed all of them was the same year, same titles. And Alabama is not a title law so they wrote a bill of sale out for a ’70 model and it was a ’69, which I didn’t know anything about it.
“Question: Was that the only one?
“Answer: That’s the only one that I can remember that I have ever been involved in.
“Question: Were you a party defendant in that lawsuit?
“Answer: Beg your pardon?
“Question: Were you a party defendant in that lawsuit?
“Answer: No. I was never called. I sat down there and waited but I was never called. They settled it out of court.”
The witness also testified and explained as to other alleged misrepresentations in the sales of trucks in 1971 and 1974 for other employers.
Judgment for a total of $8,242.56 was rendered against the defendant pursuant to the verdict of the jury. The defendant’s post-judgment motions were duly overruled and the defendant appeals contending error in allowing the introduction of such evidence. We agree.
Admittedly, the evidence could not be. introduced to show fraud, motive, scheme or intent, and it was not offered for that purpose.
Neither would this disputed portion of the deposition be admissible under the curative admissibility doctrine “which holds that if a party introduces illegal evidence, his opponent has the unconditional right to rebut such evidence with other illegal evidence.” (Footnote omitted.) Gamble, McElroy’s Alabama Evidence § 14.01 (3d ed. 1977). Here, the unresponsive answer of the witness that if “you’re asking me if I ever misrepresented a truck before, no, I haven’t” does not open Pandora’s box so as to permit the introduction of the remainder of the disputed testimony, for such answer was not elicited by the defendant, and, additionally, was not responsive to the question. Id.
In a civil case, even a party’s good or bad character cannot be introduced for the purpose of showing that, at the time complained of, he acted in keeping with that character, whether such evidence be in the form of general reputation or general reputation for a special trait, or of prior acts indicating a particular character. Id. § 34.-01. Section 26.01 of McElroy’s treatise states the rule that a person’s character, good or bad, offered for the purpose of showing his conduct on a specific occasion, is not provable by evidence of his specific acts or course of conduct.
Therefore, the plaintiff is correct in his assertion in his brief that the real issue is whether the evidence constituted valid impeachment evidence. Since any such alleged prior misrepresentations to third per *41 sons, or participation in such prior cases, is not admissible as proof of the truth of the plaintiff’s contentions concerning the misrepresentation in this case, if such evidence is admissible at all, it is for impeachment purposes only.
To allow this evidence to be introduced for the purpose of impeachment would violate the rule that a witness may not be impeached by contradictions or self-contradictions upon an immaterial matter. 19A Ala.Digest, Witnesses Key No. 383. The question which elicited the irresponsive answer was itself objectionable, for it is immaterial in this case as to whether the witness had been previously involved in other misrepresentation cases. The fact that the witness on direct examination gave a brief history of his employment would not render the disputed evidence admissible to impeach such history.
Our discovery rules are broad [ARCP 26(b)(1)]; but, generally, the ordinary principles of evidence still apply as to the trial admissibility of a deposition or any part thereof. ARCP 32(b). We have searched the evidentiary rules and cannot justify under any theory the admission into evidence of the disputed testimony. We, therefore, hold that the trial court should have granted the defendant’s motion in li-mine thereby sustaining their objection to the presentation of such evidence to the jury. Since that evidence probably influenced the jury in reaching its verdict, the introduction of the objectionable portion of the deposition does not constitute error without injury under ARAP 45, and we are required to reverse.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and it is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.